IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| DIANNE HOAPILI, aka KUULEIMOMI ʻO PAʻAHAO,<br><br>        Plaintiff,<br><br>    vs.<br><br>ELLIOT R. ENOKI, UNITED STATES ATTORNEY, DISTRICT OF HAWAIʻI, ACTING UNITED STATES ATTORNEY; DOUGLAS CHIN, STATE OF HAWAII, DEPARTMENT OF ATTORNEY GENERAL, HAWAII ATTORNEY GENERAL; STEVEN T. MNUCHIN, UNITED STATES DEPARTMENT OF THE TREASURY SECRETARY,<br><br>        Defendants. | CIVIL NO. 17-00384 SOM-KJM<br><br>**ORDER DISMISSING COMPLAINT; ORDER DENYING AS MOOT PLAINTIFF'S APPLICATION TO PROCEED IN FORMA PAUPERIS** |

**ORDER DISMISSING COMPLAINT; ORDER DENYING AS MOOT PLAINTIFF'S APPLICATION TO PROCEED IN FORMA PAUPERIS**

**I.    INTRODUCTION.**

On August 4, 2017, Plaintiff Dianne Hoapili, proceeding *pro se*, filed the Complaint in this matter along with an Application to Proceed in District Court Without Prepaying Fees and Costs ("IFP Application"). *See* ECF Nos. 1 & 3. Pursuant to 28 U.S.C. § 1915(e)(2), this court has screened the Complaint and determined that it fails to allege a claim over which this court has jurisdiction. Accordingly, the court dismisses the Complaint and denies the IFP Application as moot.

1

**II.     STANDARD.**

To proceed *in forma pauperis*, Hoapili must demonstrate that she is unable to prepay the court fees, and that she sufficiently pleads claims. *See Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000). The court therefore screens his Complaint to see whether it is (1) frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2).

**III.    ANALYSIS.**

Hoapili's rambling Complaint is basically a stream-of-consciousness document filled with rhetorical questions that is far from the "short and plain statement of the claim showing that the pleader is entitled to relief" required by Rule 8(a)(2) of the Federal Rules of Civil Procedure.

From what the court can glean from the Complaint, Hoapili is dissatisfied, in part, with the disposition of previous state-court cases. Given the references to state-court case numbers in the Complaint, the court notes that Hoapili may be attempting to appeal a state-court decision to this court. If the state-court proceedings are ongoing, Hoapili should proceed in state court. Even if those proceedings have concluded, appeal of a final judgment to this court is barred by

the *Rooker-Feldman* doctrine.  *See Dist. of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482-86 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16 (1923).  To the extent that Hoapili is dissatisfied with the disposition of any federal case, the court notes that Hoapili should file an appeal or seek reconsideration in those particular cases, rather than filing a separate Complaint and seeking redress in this case.

Even if Hoapili could be said to have stated any cognizable claim, Hoapili fails to allege facts from which jurisdiction can be derived.  That is, the Complaint fails to assert any federal claim upon which relief can be granted, *see* 28 U.S.C. § 1331, and fails to allege diversity of citizenship.  *See* 28 U.S.C. § 1332.  For example, Hoapili asks why Elliot Enoki or Douglas Chin cannot be retained as her attorney in this matter and why Steven Mnuchin cannot be retained as the comptroller.  *See* ECF No. 1, PageID # 3.  She also questions whether her civil rights have been restored after the dismissal of an "indictment," although it is not clear exactly what indictment she is referring to.  *See id.*, PageID # 4.  Hoapili also asks, among other things, if she is a "prisoner of war" and "[w]hich Crown gave the Internal Revenue Service sovereign immunity in the Kingdown of Hawai'i at 1874."  *See id.*,

3

PageID # 5. These types of questions do not state any viable claims over which this court has jurisdiction.

This court discerns no independent basis for federal subject matter jurisdiction. Accordingly, having screened the Complaint under § 1915, the court dismisses the Complaint for failure to allege jurisdiction properly and denies the IFP application as moot.

Hoapili may amend the Complaint no later than September 18, 2017. In any such Amended Complaint, Hoapili must allege facts satisfying subject matter jurisdiction requirements. Any Amended Complaint must be complete in itself. That is, it may not incorporate by reference the original Complaint. Any Amended Complaint should include only facts relevant to Hoapili's claims, which she should clearly identify. To ensure the clarity of her Amended Complaint, Hoapili should ask herself, "Would a person unfamiliar with the facts of this case be able to easily understand the allegations that I am making in the Amended Complaint?"

If Hoapili chooses to file an Amended Complaint, she must either pay the filing fee or submit another motion to proceed without prepayment of fees. If Hoapili fails to amend the Complaint, and if she fails to submit another motion to proceed without prepayment of fees or fails to pay the filing

4

fee, this action will be automatically dismissed on or after September 21, 2017.

**IV. CONCLUSION**

Hoapili's Complaint is dismissed, and the IFP Application is denied as moot. The court grants Hoapili leave to file an Amended Complaint that states a viable claim no later than September 18, 2017. Hoapili may submit another IFP Application at that time.

Failure to file an Amended Complaint, as well as to pay the applicable filing fee or submit a new IFP Application, will result in the automatic dismissal of this action on or after September 21, 2017.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, August 14, 2017.



/s/ Susan Oki Mollway

Susan Oki Mollway
United States District Judge

*Dianne Hoapili, aka Kuuleimomi 'O Pa'ahao v. Elliot R. Enoki, United States Attorney, District of Hawaii, Acting United States Attorney; Douglas Chin, State of Hawaii, Department of Attorney General, Hawaii Attorney General; Steven T. Mnuchin, United States Department of the Treasury Secretary*, Civ. No. 17-00384 SOM-KJM; ORDER DISMISSING COMPLAINT; ORDER DENYING AS MOOT PLAINTIFF'S APPLICATION TO PROCEED IN FORMA PAUPERIS.