IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| DIANNE HOAPILI, aka KUULEIMOMI 'O PA'AHAO, | ) ) ) | CIVIL NO. 17-00384 SOM-KJM |
|---|---|---|
| Plaintiff, | ) ) | **ORDER DISMISSING AMENDED COMPLAINT AND DENYING APPLICATION TO PROCEED IN FORMA PAUPERIS** |
| vs. | ) ) | |
| ELLIOT R. ENOKI, ACTING UNITED STATES ATTORNEY FOR THE DISTRICT OF HAWAII; JEFF SESSIONS, UNITED STATES ATTORNEY; STEVEN T. MNUCHIN, UNITED STATES SECRETARY OF THE TREASURY, | ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |

**ORDER DISMISSING AMENDED COMPLAINT AND DENYING
APPLICATION TO PROCEED IN FORMA PAUPERIS**

**I.    INTRODUCTION.**

On September 5, 2017, Plaintiff Dianne Hoapili, proceeding *pro se*, filed an Amended Complaint in this matter along with an Application to Proceed in District Court Without Prepaying Fees and Costs ("IFP Application"). *See* ECF Nos. 11 & 12. Pursuant to 28 U.S.C. § 1915(e)(2), this court has screened the Amended Complaint and determined that it fails to state a viable claim over which this court has jurisdiction. The court therefore dismisses the Amended Complaint and denies Hoapili's IFP Application.

**II.     STANDARD.**

To proceed *in forma pauperis*, Hoapili must demonstrate that she is unable to prepay the court fees, and that she sufficiently pleads claims. *See Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000). Before granting Hoapili's IFP Application, this court screens the Amended Complaint to see whether it is (1) frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2).

**III.    ANALYSIS.**

Hoapili's Amended Complaint alleges that, in 1990, she was subject to an illegal search and seizure by various federal law enforcement agencies. The Amended Complaint also alleges that she was the subject of an indictment that was dismissed in 1993. This appears to be a reference to Criminal No. 90-01570. *See* Crim. No. 90-01570, ECF No. 1-3, PageID # 24. Hoapili's Amended Complaint does not clearly identify the legal claims arising out of these allegations. The court has nevertheless attempted to glean from the allegations what claims Hoapili might be attempting to assert.

Hoapili's *pro se* Amended Complaint, when liberally construed, might be asserting a *Bivens* claim. Under *Bivens v.*

*Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), the Supreme Court recognized a Fourth Amendment claim against federal law enforcement officials acting under color of law based on a warrantless search of an apartment and arrest of an individual. But a *Bivens* claim may only be asserted against a federal official in his or her individual capacity. *Nurse v. United States*, 226 F.3d 996, 1004 (9th Cir. 2000). Because Hoapili lists in the caption of her Amended Complaint the official position of the individuals she is suing, it is not at all clear that she is asserting claims against them in their individual capacities. Nor is there any indication in the record that any of the named individuals had anything to do with an illegal search or seizure relating to her in 1990 or to any prosecution involving her in 1993. Because Hoapili does not identify federal officials who performed an illegal search or seizure or a malicious prosecution, and because Hoapili does not assert any claim against a Doe Defendant, the Amended Complaint fails to state a proper *Bivens* claim.

Hoapili's *pro se* Amended Complaint, when liberally construed, might also be asserting a claim under the Federal Torts Claim Act ("FTCA"). However, such a claim would also be deficient, as the Amended Complaint fails to allege exhaustion of administrative remedies. *See Gillespie v. Civiletti*, 629

3

F.2d 637, 640 (9th Cir. 1980) ("The timely filing of an administrative claim is a jurisdictional prerequisite to the bringing of a suit under the FTCA . . . and, as such, should be affirmatively alleged in the complaint." (citation omitted)); *Moore v. United States*, 1988 WL 57696, at *2 (9th Cir. Sept. 28, 1988) (indicating that FTCA plaintiffs "must" allege exhaustion). Accordingly, even in a *pro se* case, "[a] district court may dismiss a complaint for failure to allege this jurisdictional prerequisite." *Gillespie,* 629 F.2d at 640.

Because this court cannot discern any other claim asserted in the Amended Complaint over which this court might have subject matter jurisdiction, the court dismisses the Amended Complaint, giving Hoapili leave to file a Second Amended Complaint no later than September 29, 2017. In any such Second Amended Complaint, Hoapili must allege facts satisfying subject matter jurisdiction requirements. Any Second Amended Complaint must be complete in itself. That is, it may not incorporate by reference the original Complaint or the Amended Complaint. Any Second Amended Complaint should include only facts relevant to Hoapili's claims, which she should clearly identify. Any Second Amended Complaint should also identify the defendant against whom a claim is being asserted and describe why a claim is being asserted against the defendant. Before filing any Second

Amended Complaint, Hoapili should consider whether the claim(s) would be barred by the applicable statute of limitation. To ensure the clarity of her Second Amended Complaint, Hoapili should ask herself, "Would a person unfamiliar with the facts of this case be able to easily understand the allegations that I am making and know which claims are asserted against whom?"

**IV.     CONCLUSION**

Hoapili's Amended Complaint is dismissed, and the IFP Application is denied as moot. The court grants Hoapili leave to file a Second Amended Complaint that states a viable claim against identified defendants no later than September 29, 2017. Hoapili may submit another IFP Application at that time. Before filing another IFP Application, Hoapili should consider whether she can establish that she is indeed a pauper. *See* 2017 Poverty Guidelines for Hawaii, https://aspe.hhs.gov/poverty-guidelines (last visited September 12, 2017) (setting poverty guideline for a family of 2 in Hawaii at $18,670).

If Hoapili chooses to file a Second Amended Complaint, she must either pay the filing fee or submit another IFP Application. If Hoapili fails to timely file a Second Amended Complaint, or if she fails to submit another IFP Application or

fails to pay the filing fee, this action will be automatically dismissed on or after October 2, 2017.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, September 12, 2017.



/s/ Susan Oki Mollway

Susan Oki Mollway
United States District Judge

*Dianne Hoapili v. Enoki, et al.*, Civ. No. 17-00384 SOM-KJM; ORDER DISMISSING AMENDED COMPLAINT AND DENYING APPLICATION TO PROCEED IN FORMA PAUPERIS.