# ORIGINAL

Dianne K. Hoapili
aka Kuuleimomi `O Pa`ahao
85-076 Farrington Hwy.
C301
Waianae, Hawai'i 96792-2106
dhoapili@rocketmail.com
Cell: 808-348-2596

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

SEP 2 9 2017

at ___ o'clock and ___ min. ___ M
SUE BEITIA, CLERK

PRO SE
Injured Party

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| DIANNE K. HOAPILI aka KUULEIMOMI `O PA`AHAO<br><br>Plaintiff<br><br>v.<br><br>ELLIOT R. ENOKI, UNITED STATES ATTORNEY, DISTRICT OF HAWAI`I, ACTING UNITED STATES ATTORNEY; STEVEN T. MNUCHIN, UNITED STATES DEPARTMENT OF TREASURY SECRETARY; JANE AND JOHN DOES<br><br>Defendants. | NO. CV 17-00384 SOM-KJM<br><br>SECOND AMENDED COMPLAINT REQUESTING A WRITTEN CONCLUSION OF LAW IN USA vs DIANNE K HOAPILI CR. NO. 90-01570-03 HMF; CERTIFICATE OF SERVICE |

### SECOND AMENDED COMPLAINT
### REQUEST A WRITTEN CONCLUSION OF LAW
### IN USA vs DIANNE K HOAPILI CR. NO. 90-01570-03 HMF

## I.        JURISDICTION

The United States District Court for the District of Hawai`I has jurisdiction to hear this Second Amended Complaint requesting a written conclusion of law as to USA vs Dianne K. Hoapili ("Hoapili") Criminal No. 90-01570, ECF No. 1-3, PageID # 24.

The cause of action happened on April 20, 1990 at the former domicile of Hoapili, 45-070 Waikalua Way, Kaneohe, Kingdom of Hawai`I that exists today pursuant to the treaty of December 23, 1826 with the United States; Kingdom of Hawai`I Constitution of 1840 and Great Mahele of Kauikeauoli Kamehameha III, last retainer of the Allodial to the aina (land) by birth and bloodline to his father, Crown Kamehameha the Great.

It is undisputed that one government or one nation alone cannot abrogate a treaty, the supreme law of the land, rule of law. Only high powered commissioners to a treaty convention of both parties can lawfully enact changes and amendments to the treaty in civilized tongue.

The United States of America (U.S.A.) does not have a lawful treaty with the Kingdom of Hawai`I nor does the Kingdom intend to pursue a treaty with the U.S.A.

Hoapili is aware the United States Courts can exercise diversity jurisdiction. It comes in many forms.

Hoapili alienable rights by birth and bloodline to the aina (land) of her ancestors are inalienable and protected by Article I of The Treaty of 1826:

*The peace and friendship subsisting between the United States, and their Majesties, the Queen Regent, and Kauikeauoli, King of the Sandwich Islands, and their subjects and people, are hereby confirmed, and declared to be perpetual.*

## II.     In Forma Pauperis

An Application to Proceed in District Court Without Prepaying Fees and Costs ("IFP Application") is submitted with this Second Amended Complaint pursuant to 28 U.S.C. § 1915 (e)(2) for screening and determination.

Hoapili asserts the action is not frivolous or malicious, does state a claim on which relief may be granted, and does not seek monetary relief whatsoever in this Second

Amended Complaint.

Furthermore, as Hoapili cannot ascertain if allegation
of poverty is untrue without screening and determination or that
the application will meet all or parts of the requirement to
proceed in IFP, Hoapili understands the payment of $400 for the
filing fee will be required to file this Second Amended
Complaint

**II.      PARTIES**

Pro Se Plaintiff, Dianne K. Hoapili aka Kuuleimomi `O
Pa`ahao spirit of the spirt of the spirt of the ancestors who
are sovereign and indigenous to the aina (land) from the past,
present and yet to come is the complainant and injured party to
this Second Amended Complaint, also known as Kuuleimomi of the
house of her ancestor, Pa'ahao.

Hoapili current domicle is 85-076 Farrington Hwy., Apt
C301, Waianae, Kingdom of Hawai`i.

Hoapili is not an attorney, and with all due respect,
neither is United States District Court Judge Susan Oki Mollway.
We are, therefore, on equal footing to resolve this Second
Amended Complaint without conflict or appearance of complicity,
in civilized tongue, peace and friendship in perpetuity to the
treaty of 1826.

Elliot R. Enoki, United States Attorney, District of
Hawai`I is defendant to this Second Amended Complaint in his
capacity as Acting United States Attorney on behalf of
Prosecutor Lawrence L. Tong; United States agency's for the
Kaneohe Marine Corp. Base Morale Welfare and Recreation (KMCB
MWR), Alcohol, Tobacco, and Firearms (ATF), Federal Bureau of
Investigations (FBI), United States Postal Service (USPS), U.S.
Marshals, and JOHN and JANE DOES in this Second Amended
Complaint.

Steven T. Mnuchin, United States Department of

Treasury is defendant to this Second Amended Complaint in his capacity as Treasury Secretary (comptroller) on behalf of the Internal Revenue Service and JOHN AND JANE DOES.

III.    **STATEMENT OF CLAIMS TO FACTS**

The following statement of facts to claims in this Second Amended Complaint begins with a state civil action that is pertinent, relevant and complete in understanding the behavior and intent to the cause of actions leading to this complaint. The state civil action is not subject to seeking the conclusion of law in this Second Amended complaint. The state civil action conclusion of law will be addressed with the State of Hawai`i.

### Foreclosure Action

1.      Joseph K. Hoapili, Jr. (HOAPILI) and Dianne K. Hoapili (Hoapili) acquired real property situated at 45-070 Waikalua Way, Kaneohe, Hawai I 96744 through a lottery conducted by HHFDC formerly HFDC formerly HHA. Exact date is unknown.

2.      HOAPILI and Hoapili entered jointly into a mortgage contract for the property at 45-070 Waikalua Way, Kaneohe, Hawai`I. Exact date is unknown.

3.      HOAPILI and Hoapili divorced on September 30, 2004 in Honolulu, Hawai`i.

4.      On November 7, 1989 American Savings Bank ("ASB") filed a Complaint to Foreclose Mortgage on HOAPILI and Hoapili in the State of Hawai`I Circuit Court of the First Circuit.

5.      On December 15, 1989 Notice of Pendency of Action is filed by ASB.

6.      On December 28, 1989 Ex-Parte Motion for Identification of Defendant HOUSING FINANCE and DEVELOPMENT CORPORATION ("HFDC"), formerly known as HAWAII HOUSING AUTHORITY (HHA) is filed by ASB.

7.      On January 17, 1990 HFDC files Answer to Complaint

filed on November 7, 1989, counter-claim against ASB and cross-claim against HOAPILI and Hoapili.

8.      On January 18, 1990 Motion for Summary Judgment for Interlocutory Decree of Foreclosure is filed by ASB.

9.      February 8, 1990 Findings of Fact; Conclusions of Law; Order Granting Plaintiff's Motion for Summary Judgment against HOAPILI and Hoapili is filed by ASB.

10.     On February 27, 1990 Motion to Sell Real Property Without Open Houses And/Or for Court Instructions (non-judicial foreclosure) is filed by ASB.

11.     On March 21, 1990 Order Granting Motion to Sell Real Property Without Open Houses and/or for Court Instructions is filed by ASB.

## Form 1040 1989 Federal Income Tax

12.     On or about April 15, 1990 HOAPILI and Hoapili filed a joint Federal Income Tax Form 1040 for 1989. Eventually, Hoapili attempted to amend the return, but was denied.

13.     On April 20, 1990 (five days after the Individual Federal Income Tax deadline) a search, seizure and arrest was conducted on the residence and domicile of HOAPILI and Hoapili at 45-070 Waikalua Way, Kaneohe, Kingdom of Hawai`i.

## Federal Search, Seizure and Arrest

14.     United States of America agents named within the respective defendants party identification above, burst into the front door of the residence in the early morning hours frightening a friend's 4 year old daughter sleeping overnight on the living room sofa, then, burst into the first bedroom of oldest son asleep and pointed the nozzle of a gun into his face ordering to go in the living room, then, doing the same action to the other son asleep in his bedroom next door, finally, proceeded to the bedroom of HOAPILI and Hoapili ordering them to get dressed and meet the others in the living room.

15.      The agents then proceeded to search every part of the residence, kitchen, bathrooms and bedrooms taking whatever they could for whatever purpose or reason we had no real knowledge of what or why it was happening, but only briefly showing us a paper stating what and why they could be there. We were never given a copy of that paper to acknowledge our consent to their being there.

16.      Civil consideration for the 4 year old daughter was eventually rectified upon discovery she was not our child. Her mother was notified of the incident and came for the child.

17.      Needless to say, the children were disturbed and frightened by the action taking place before them.

18.      It is presumed the boys went to the care of family or friends while HOAPILI and Hoapili were waiting to be taken away for fingerprinting and photo identification processing.

19.      Agents at 45-070 Waikalua Way appeared to have trouble moving HOAPILI and Hoapili in that direction, because they were waiting for two more residence being subjected to the same search, seizure and eventual arrest. One residence was in Kaneohe while the other was in Kahuku. A residence in Waimanalo had already been through the same cause of action and being held up, also, until all four residences search and seizure was completed to move all parties together for fingerprinting, photo identification and presumed booking at the U.S. Marshal Office located in the Jonah Kuhio Kalanianaole Federal Court Building. This is not innuendo or hearsay, it was overhearing the agents talking among themselves, including the personnel sitting at the dining table in the kitchen from KMCB MWR who wanted to know why the delay, also, and why "they" were there in the first place. Hoapili last employment was Logistics Clerk with the KMCB MWR. It was not difficult for Hoapili to know the answer to their inquiry.

20.        Hoapili was taken to the main Honolulu Post Office at the airport for fingerprinting and photo identification. The agent had difficulty finding the necessary kit to perform that task, and later discovered it was taken to the island of Maui. A kit was finally found.

21.        Hoapili was then taken to the U.S. Federal Court Building holding cell for booking by the U.S. Marshals. Hoapili refused to be released, refused to, but eventually signed a $10,000.00 bond in the presence of court appointed Attorney Hayden Aluli whom Hoapili refused to have as representation, seeking to be represented by no one except herself to this date.

21.        After "booking" HOAPILI and Hoapili returned to their residence where they were then reunited with their children.

22.        The emotional impact of that incident left the entire HOAPILI family dazed and unsure as to what they were to do next, because looming before them was still the ongoing foreclosure action.

23.        The search, seizure and arrest became public news in the local newspaper with a sketch of Hoapili and Raymond Kamaka.

### Foreclosure Action Continues

24.        On May 7, 1990 Motion for Confirmation of Private Sale, Distribution of Proceeds, Deficiency Judgment and Writ of Possession is filed by ASB.

25.        On June 13, 1990 Order Confirming Sale, Distribution of Proceeds, and for Writ of Possession and Deficiency Judgment is filed by ASB.

26.        On July 12, 1990 Judgment for Possession and Writ of Possession is filed by Carole M. Aoki, Attorney for HFDC.

### Notice of Indictment

27.        On November 16, 1990 HOAPILI and Hoapili were indicted by the United States on tax charges.

### Foreclosure Writ of Possession

**28.**     On <u>November 30, 1990</u> Writ of Possession is executed by the State Sheriff's Office to evict HOAPILI and Hoapili and sons.

### Homeless and Unemployed

**29.**     HOAPILI and Hoapili moved about living, staying and meeting briefly with friends, family and strangers off and on throughout O`ahu in the Windward area, Waianae and Honolulu preparing for the upcoming federal trial in January 1991.

**30.**     Hoapili separated from HOAPILI on <u>December 25, 1990</u> by choice and no choice eventually divorcing on September 30, 2004.

**31.**     Hoapili eventually settled into housing with friends to prepare for trial.

### Federal Trial on Indictment

**32.**     Hoapili underwent a psychological examination in preparation for trial, and questioned why the "examination publication" they used to ask the questions, asked if Hoapili was a member of Ka Lahui.

**33.**     At the pre-trial conference, Hoapili corrected Lawrence L. Tong, Assistant U.S. Attorney identification of her person stating that she was "Kuuleimomi `O Pa`ahao, spirit of the spirit of the spirit of the ancestors who are sovereign and indigenous to the aina (land) from the past, present and yet to come." Whereupon the late Judge Harold Fong asked Tong, "Knowing what you know now, do you still want to prosecute?"

**34.**     Documentation addressed to United States District Judge Samuel Conti dated <u>February 10, 1991</u> is submitted to the clerk in court identifying who Hoapili was in fact before trial had.

**35.**     On <u>May 1, 1991</u> trial ends with conviction and sentencing of conspiracy, false statement, mail fraud, and false claims

**36.**     An appeal is filed with the Ninth Circuit Court on

behalf of Joseph Hoapili, Jr. and Raymond Kamaka by their Attorney Colin Lau. Appeal includes Dianne K. Hoapili without consent.

37.     On December 17, 1992 Ninth Circuit Court affirms Joseph Hoapili, Jr. and Raymond Kamaka conviction, reverse and remand for new trial as to Dianne K. Hoapili. (9 Cir. 981 F.2d 1260)

38.     On June 17, 1993 Ex Parte Motion to Dismiss the Indictment against Dianne K. Hoapili is filed by the United States.

39.     On August 4, 1993 Order Granting the U.S. Motion for Dismissal of the Indictment is signed by the Late Judge Harold Fong.

IV.        **Demand for Relief**

       Therefore, Hoapili seeks a written conclusion of law in this Second Amended Complaint to USA v. Dianne K. Hoapili Criminal No. 90-01570 HMF by rule of law at law.


Dated:     Honolulu, Hawai`I,   _Sept. 29, 2017_____.

_Dianne K. H.K._____
Dianne K. Hoapili aka Kuuleimomi `O Pa`ahao

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above <u>Second Amended</u> <u>Complaint Requesting A Written Conclusion of Law in USA vs</u> <u>Dianne K. Hoapili CR. NO. 90-01570-03 HMF</u> was served upon the following by mail at their respective address on <u>9-29-2017</u> .


United States Attorney's Office
Acting U.S. Attorney, Elliot R. Enoki
300 Ala Moana Blvd., #6-100
Honolulu, Hawai`I 96850

Department of the Treasury
Secretary Steven T. Mnuchin
1500 Pennsylvania Ave. NW
Washington, D.C. 20220