IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| DIANNE HOAPILI, aka KUULEIMOMI 'O PA'AHAO,<br><br>Plaintiff,<br><br>vs.<br><br>ELLIOT R. ENOKI, ACTING UNITED STATES ATTORNEY FOR THE DISTRICT OF HAWAII; JEFF SESSIONS, UNITED STATES ATTORNEY; STEVEN T. MNUCHIN, UNITED STATES SECRETARY OF THE TREASURY,<br><br>Defendants. | CIVIL NO. 17-00384 SOM-KJM<br><br>**ORDER DISMISSING SECOND AMENDED COMPLAINT AND DENYING APPLICATION TO PROCEED IN FORMA PAUPERIS** |

**ORDER DISMISSING SECOND AMENDED COMPLAINT AND DENYING APPLICATION TO PROCEED IN FORMA PAUPERIS**

**I.      INTRODUCTION.**

On September 29, 2017, Plaintiff Dianne Hoapili, proceeding *pro se*, filed a Second Amended Complaint in this matter along with an Application to Proceed in District Court Without Prepaying Fees and Costs ("IFP Application"). *See* ECF Nos. 15 & 16. Pursuant to 28 U.S.C. § 1915(e)(2), this court has screened the Second Amended Complaint and determined that it fails to state a viable claim over which this court has jurisdiction. The court therefore dismisses the Second Amended Complaint and denies Hoapili's IFP Application.

**II.     STANDARD.**

To proceed *in forma pauperis*, Hoapili must demonstrate that she is unable to prepay the court fees, and that she sufficiently pleads claims. *See Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000). Before granting Hoapili's IFP Application, this court screens the Second Amended Complaint to see whether it is (1) frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2).

**III.    ANALYSIS.**

The factual allegations in Hoapili's Second Amended Complaint are sparse, and the relief she seeks is unclear. The Second Amended Complaint alleges that, in 1990, Hoapili was subject to a search and seizure by various federal law enforcement agencies, as well as a state foreclosure proceeding. The Second Amended Complaint then alleges that, in 1990 and 1991, she was indicted, tried, and convicted in this court. *See* ECF No. 16. On December 17, 1992, the Ninth Circuit reversed Hoapili's conviction and sentence with respect to charges of conspiracy, false statements, mail fraud, and false claims, determining that the record had raised a good faith doubt as to Hoapili's competency to waive counsel when she proceeded to

trial *pro se*. *See United States v. Hoapili*, 1992 WL 379398 (9th Cir. Dec. 17, 1992).

The Second Amended Complaint says: "Hoapili seeks a written conclusion of law in this Second Amended Complaint to USA v. Dianne K. Hoapili Criminal No. 90-01570 HMF by rule of law at law." ECF No. 16, PageID # 131. But it is not at all clear what "written conclusion of law" Hoapili is asking this court to provide. The factual allegations combined with the relief requested simply fail to put Defendants and this court on notice of what Hoapili is seeking. Instead, Defendants and this court are left to guess what conclusion Hoapili is seeking. Hoapili did not, for example, clearly assert the possible claims that were discussed by this court in previous orders.

Because this court cannot discern any viable claim asserted in the Second Amended Complaint over which this court might have subject matter jurisdiction, the court dismisses the Second Amended Complaint, giving Hoapili leave to file a Third Amended Complaint no later than October 23, 2017. In any such Third Amended Complaint, Hoapili must allege facts satisfying subject matter jurisdiction requirements, as well as specifically identify the relief being sought. Any Third Amended Complaint must be complete in itself. That is, it may not incorporate by reference any document previously filed with

this court.  Any Third Amended Complaint should include only facts relevant to Hoapili's claims, which she should clearly identify.  Any Third Amended Complaint should also identify which Defendant each claim is being asserted against and describe why a claim is being asserted against any particular Defendant.  Before filing any Third Amended Complaint, Hoapili should consider whether the claim(s) would be barred by the applicable statute of limitation.  To ensure the clarity of her Third Amended Complaint, Hoapili should ask herself, "Would a person unfamiliar with the facts of this case be able to easily understand the allegations that I am making, know which claims are asserted against whom, and understand the relief being sought in court?"

**IV.    CONCLUSION**

Hoapili's Second Amended Complaint is dismissed, and the IFP Application is denied as moot.  The court grants Hoapili leave to file a Third Amended Complaint that states a viable claim against identified defendants no later than October 23, 2017.  Hoapili may submit another IFP Application at that time.  Before filing another IFP Application, Hoapili should consider whether she can establish that she is indeed a pauper.  *See* 2017 Poverty Guidelines for Hawaii, https://aspe.hhs.gov/poverty-guidelines (last visited September

12, 2017) (setting poverty guideline for a family of 2 in Hawaii at $18,670).

If Hoapili chooses to file a Third Amended Complaint, she must either pay the filing fee or submit another IFP Application.  If Hoapili fails to timely file a Third Amended Complaint, or if she fails to submit another IFP Application or fails to pay the filing fee, this action will be automatically dismissed on or after October 24, 2017.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, October 4, 2017.



/s/ Susan Oki Mollway

Susan Oki Mollway
United States District Judge

*Dianne Hoapili v. Enoki, et al.*, Civ. No. 17 00384 SOM KJM; ORDER DISMISSING SECOND AMENDED COMPLAINT AND DENYING APPLICATION TO PROCEED IN FORMA PAUPERIS.